

# IN THE
# TENTH COURT OF APPEALS

No. 10-20-00010-CR
No. 10-20-00011-CR
No. 10-20-00012-CR
No. 10-20-00013-CR
No. 10-20-00014-CR
No. 10-20-00015-CR
No. 10-20-00016-CR
No. 10-20-00017-CR
No. 10-20-00018-CR
No. 10-20-00019-CR

**JOSEPH RAY MELTON,**

                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                        **Appellee**

From the County Court at Law
Navarro County, Texas
Trial Court Nos. C34324-CR, C34325-CR,
C34326-CR, C34327-CR, C34328-CR, C34329-CR,
C34330-CR, C34331-CR, C34332-CR, C34333-CR

## MEMORANDUM OPINION

Joseph Ray Melton pled guilty to, and was convicted of, ten separate offenses of

Possession of Child Pornography and sentenced to ten years in prison. *See* TEX. PENAL

CODE § 43.26(a). His sentences were suspended, and he was placed on community supervision for ten years. Six years later, he pled true to the State's motion to revoke community supervision in each conviction and was sentenced to ten years in prison. Melton appealed his convictions. He has now filed motions to voluntarily dismiss these appeals.

Pursuant to Rule 42.2(a) of the Texas Rules of Appellate Procedure, the motions to dismiss must be signed by Melton and his attorney. The attorney has signed the motions, but due to the attorney's inability to conduct an in-person visit with Melton in prison due to Covid-19 restrictions, the motions have not been signed by Melton.

Melton requests that we exercise our authority under the Texas Supreme Court's Thirty-Sixth Emergency Order and accept Melton's motions without his signature. The Texas Supreme Court's Thirty-Sixth Emergency Order, issued on March 5, 2021, provides in relevant part:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal… modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than June 1, 2021….

Tex. Sup. Ct. Misc. Docket No. 21-9026 at 3(a).

Accordingly, we use the Texas Supreme Court's Thirty-Sixth Emergency Order and suspend Rule 42.2(a)'s requirement that Melton must signed his motions to dismiss. Melton's motions to dismiss are granted, and these appeals are dismissed.


TOM GRAY
Chief Justice


Melton v. State                                                                                        Page 2

Before Chief Justice Gray,
     Justice Neill, and
     Justice Johnson
Motions to dismiss granted
Opinion delivered and filed March 17, 2021
Do not publish
[CR25]

